WALTER L. CHAPMAN v. THE IRON CLAD RHEOSTAT COMPANY.

Argued June 14, 1898—Decided November 7, 1898.

62  497
65  648
62  497
e63o 521
e63o 813

62  497
a64o 597

1. Under the Corporation act of this state (*Pamph. L.* 1896, *p.* 277) there is an implied grant of power to corporations to purchase shares of their own capital stock, whenever such purchase is required for legitimate corporate purposes.
2. When a person contracting with a corporation has fully performed his part of the contract, and cannot be restored to his former *status*, or be honestly dealt with otherwise than by holding the corporation to performance of its share of the bargain, the plea of *ultra vires* by the corporation is inadmissible.

On demurrer to declaration.

Before Justices Dixon, Ludlow and Collins.

For the plaintiff, *Clarence L. Murphy*.

For the defendant, *Edwin A. S. Lewis*.

Vol. xxxiii.        32

The opinion of the court was delivered by

DIXON, J.    The declaration alleges that it was agreed between the plaintiff and the defendant, the latter being a corporation organized under the laws of this state, that the defendant should employ the plaintiff at a regular weekly salary; that the plaintiff should purchase and hold during his employment eighty shares of stock in the defendant company, and that, if the defendant should discharge the plaintiff from its employ, it would purchase said stock from the plaintiff at par.    The declaration further alleges that, in pursuance of said agreement, the plaintiff entered into the employ of the defendant at a weekly salary; that he purchased said stock and held it during his employment, and that the defendant discharged him from the employment against his will; that thereupon the plaintiff demanded of the defendant that it should purchase the said stock from him at par, and the defendant refused to do so.

To this the defendant demurs, insisting that the defendant's contract for the purchase of the stock was on its face *ultra vires*, and therefore not enforceable against it.

In England the general rule seems to be that corporations cannot purchase their own stock without express authority from the statute, though perhaps even there this rule would not be applied if it appeared that the object of the purchase was not merely to traffic in the stock or to diminish the amount of the capital, but to accomplish some legitimate corporate purpose.    *Hope* v. *International Financial Society*, 4 *Ch. Div.* 327.    But in the United States the weight of authority seems to be in favor of the view that corporations have an implied power to purchase shares in their own capital stock, provided, of course, no illegitimate design appears. Many of the cases are cited in the notes of 23 *Am. & Eng. Encycl. L.* 676.

This question, as it turns on common law principles, seems not to have been judicially decided in New Jersey, nor need it now be, for the provisions of our Corporation act (*Pamph. L.* 1896, *p.* 277), by which (section 20) the shares of stock in

every corporation are declared to be personal property, and (section 1) every corporation is vested with power to purchase such personal estate as the purposes of the corporation shall require, except (section 3) certain designated sorts of personal property, which do not embrace shares of its own capital stock, coupled with those provisions which recognize the power of corporations to own shares of their own capital stock (sections 29, 38), plainly imply a legislative grant of the necessary power in all cases where the purposes of the corporation require it. In the present case the fact that the corporation exerted the power in order to secure the services of the plaintiff is *prima facie* sufficient indication that the purposes of the corporation required it.

There is also another principle standing in the defendant's way. The plaintiff has fully performed the contract on his part, and cannot be restored to his former *status,* nor be honestly dealt with otherwise than by holding the defendant to performance of its share of the bargain. Under these circumstances the plea of *ultra vires* is inadmissible. *Camden and Atlantic Railroad Co.* v. *Mays Landing Railroad Co.,* 19 *Vroom* 530.

The plaintiff is entitled to judgment on the demurrer.